Edwin Christman DAWN and June Estelle Dawn, Petitioners/Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent/Appellee.

No. 80–7320.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 1982.*

Decided April 30, 1982.

Rehearing and Rehearing En Banc Denied Aug. 20, 1982.

June Estelle Dawn, pro se.

Ann Belanger Durney, Stanley S. Shaw, Jr., Washington, D. C., for respondent/appellee.

Before ANDERSON, TANG and BOO-CHEVER, Circuit Judges.

---

* The panel finds this case appropriate for submission without argument pursuant to 28 U.S.C. 9th Cir. R. 3(a) and Fed.R.App.P. 34(b).

BOOCHEVER, Circuit Judge:

Edwin and June Dawn (taxpayers) claimed a deduction on their 1975 federal income tax return[1] pursuant to I.R.C. § 165 for a loss allegedly sustained when their former landlord took, disposed of, or damaged certain items of personal property. The Commissioner disallowed the deduction and issued a notice of deficiency. Taxpayers petitioned the Tax Court for a redetermination of the assessed deficiency.

During the Tax Court proceedings, Edwin Dawn acknowledged that he had filed suit against his former landlord to recover the value of the lost or damaged property.[2] In light of this admission, the government moved for summary judgment, arguing that taxpayers had not "sustained" a loss in 1975. The Tax Court granted the government's motion. It reasoned that the taxpayers' filing of a lawsuit indicated that they had had a reasonable prospect of recovery and, thus, were not entitled to claim the deductions for 1975. We affirm.

■ A loss is deductible in the year during which it is "sustained." I.R.C. § 165(a).[3] For the purposes of section 165, a loss is not necessarily sustained in the year in which it actually occurs. *See Gale v. Commissioner*, 41 T.C. 269, 275 (1963). To be deemed "sustained," a loss must be evidenced by "closed and completed transactions." Treas.Reg. § 1.165–1(d)(1). An essential inquiry under the "closed transaction" doctrine is whether the taxpayer had a claim for reimbursement which provided a reasonable prospect of recovery. *See Ramsey Scarlett & Co. v. Commissioner*, 61 T.C. 795, 807 (1974), *aff'd*, 521 F.2d 786 (4th Cir. 1975). When such a claim exists, no portion

of the loss with respect to which reimbursement might be received is sustained until it becomes reasonably certain that reimbursement will not be received. Treas.Reg. § 1.165–1(d)(2)(i).[4]

■ Determining whether taxpayers had a claim for reimbursement that provided a reasonable prospect for recovery is an objective inquiry requiring an examination of the facts and circumstances surrounding the deduction. *See Boehm v. Commissioner*, 326 U.S. 287, 292–93, 66 S.Ct. 120, 123, 90 L.Ed. 78 (1945) (interpreting predecessor to I.R.C. § 165, § 23(e) of the Revenue Act of 1936, 49 Stat. 1648, 1659); *Ramsey Scarlett & Co.*, 61 T.C. at 811–12. The fact that taxpayers filed a lawsuit to recover the deducted loss gives rise to an inference that they had such a claim. *See Estate of Scofield v. Commissioner*, 266 F.2d 154, 159 (6th Cir. 1959); *Gale v. Commissioner*, 41 T.C. at 276. *But see Parmellee Transportation Co. v. United States*, 173 Ct.Cl. 139, 351 F.2d 619, 628–29 (1965) (dictum suggesting that mere existence of pending action does not justify postponing the loss). That taxpayers did not file their suit until after they claimed the deduction does not negate this inference; to the contrary, the filing of the suit so soon after the end of the tax year for which the loss was claimed suggests that taxpayers did not consider their loss "closed and completed" in 1975. *See National Home Products, Inc. v. Commissioner*, 71 T.C. 501, 525–26 (1979); *Ramsey Scarlett & Co.*, 61 T.C. at 811–12 (inferring reasonable prospect of recovery existed in 1965 even though suit not filed until 1967). Taxpayers' presumptive state of mind, as evidenced by the filing of a lawsuit, goes far

1. Taxpayers filed a joint return for 1975 on or about April 15, 1976.

2. Although he testified that he filed suit in 1975 the record shows that Dawn actually filed on July 19, 1976.

3. I.R.C. § 165(a) provides: "There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

4. "Treas.Reg. §§ 1.165–1(2)(i) provides:

If . . . [a loss occurs for which] there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which reimbursement may be received is sustained, for purposes of section 165, until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Whether a reasonable prospect of recovery exists with respect to a claim for reimbursement of a loss is a question of fact to be determined upon an examination of all facts and circumstances.

toward showing the reasonableness of their prospect of recovery. *See Boehm*, 326 U.S. at 292–93, 66 S.Ct. at 123; *Gale*, 41 T.C. at 276. *See also Ramsey Scarlett & Co.*, 521 F.2d at 788. Moreover, the fact that taxpayers' suit was ultimately unsuccessful[5] does not negate the inference in this case.[6] Because taxpayers did not offer specific facts rebutting the inference and establishing a genuine issue of fact, summary judgment was proper. 26 U.S.C. Tax Ct. Rule 121(d).

Finally, because taxpayers are not entitled to a jury trial in the tax courts, *Dahl v. Commissioner*, 526 F.2d 552 (9th Cir. 1975) (per curiam), taxpayers were not improperly denied a constitutional right to a jury trial.

AFFIRMED.[7]

**5.** The district court dismissed taxpayers' action for lack of subject matter jurisdiction. We reversed to permit the filing of an amended complaint. The district court again dismissed the action because taxpayers never filed an amended complaint. We dismissed the appeal from that dismissal for failure to perfect the appeal.

**6.** Under different circumstances, the fact of and reasons underlying an unsuccessful disposition of a case might suggest that the claim for reimbursement did not provide a reasonable prospect of recovery. *See Estate of Scofield*, 266 F.2d at 159. In this case, however, neither the district court nor this court ever considered the merits of taxpayers' claim. *See* note 6 *supra*. Consequently, it remains reasonable to infer that taxpayers claim for reimbursement provided a reasonable prospect of recovery.

**7.** We intimate no opinion regarding whether taxpayers could properly deduct the claimed loss in years subsequent to 1975.