**Leo M. NUNLEY, Petitioner/Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent/Appellee.**

No. 84–7410.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 1985*.

Decided April 16, 1985.

---

Leo M. Nunley, Wasilla, Alaska, pro se.

Glenn L. Archer, Jr., Michael L. Paup, Ann Belanger Durney, Murray S. Horwitz, Washington, D.C., for respondent/appellee.

Before KILKENNY, FERGUSON and WIGGINS, Circuit Judges.

PER CURIAM:

Leo M. Nunley appeals the Tax Court's dismissal of his petition for redetermination of tax deficiencies and additions to tax for failure to state a claim.

In tax years 1979, 1980 and 1981, Nunley submitted individual Form 1040s which contained almost no information pertaining to income or deductions. He filled the spaces with "object 5," "none," or "object." The Commissioner sent statutory notices of deficiency and additions to tax for failure to file returns, for negligence or intentional disregard of rules, and for underpayment of estimated tax. Nunley petitioned for redetermination of deficiencies, but the petition contained only general allegations of IRS error and lacked specificity or supporting facts. His amended petition was no more specific. The Tax Court dismissed the petition for failure to state a claim, and Nunley made a timely appeal.

Nunley contends that the Fifth Amendment protects him from producing his records; that he is being penalized for asserting his Fifth Amendment rights; that he was improperly denied a hearing and a jury trial; that his Fourth Amendment rights were violated; that the IRS lacks

---

* This panel unanimously agrees that this case is appropriate for submission without oral argu-

ment.

power to determine what is frivolous; and that his return is not frivolous. We reject all the contentions.

■ This court will not overturn a finding of fact of the Tax Court unless it is "clearly erroneous." *Rockwell v. Commissioner*, 512 F.2d 882, 884 (9th Cir.1975) (quoting *Commissioner v. Duberstein*, 363 U.S. 278, 291, 80 S.Ct. 1190, 1199, 4 L.Ed.2d 1218 (1960)), *cert. denied*, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975).

The Supreme Court and this circuit have previously rejected all the arguments Nunley raises. *See Edwards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir.1982) (generalized fear of prosecution insufficient for Fifth Amendment claim; Fourth Amendment claim is frivolous; protest return is not a tax return); *United States v. Rylander*, 460 U.S. 752, 759–61, 103 S.Ct. 1548, 1553–54, 75 L.Ed.2d 521 (1983) (duty to produce records in proceeding instituted by taxpayer not alleviated by the Fifth Amendment); *Dawn v. Commissioner*, 675 F.2d 1077, 1079 (9th Cir.1982) (no jury trial in Tax Court); *Cafeteria & Restaurant Workers, Local 473 v. McElroy*, 367 U.S. 886, 894–95, 81 S.Ct. 1743, 1748–49, 6 L.Ed.2d 1230 (1961) (hearing not always required); *Rockwell v. Commissioner*, 512 F.2d 882, 887 (9th Cir.) (IRS power to determine deficiencies is constitutional), *cert. denied*, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975).

■ Since Nunley has raised totally meritless arguments which have repeatedly been rejected, we characterize this appeal as frivolous. It is within our discretion to impose double costs and attorney fees for such frivolous appeals. Fed.R.App.P. 38. We totally agree that meritless "tax protest" appeals have been found to be "increasingly burdensome on the federal court system." *Edwards v. Commissioner*, 680 F.2d 1268, 1271 (9th Cir.1982). We therefore impose attorney fees in the sum of $1,000 and double costs on Nunley, and we affirm the Tax Court.