CARL GENE HICKS AND DORLIA J. HICKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hicks v. Commissioner
Docket No. 34298-83.
United States Tax Court
T.C. Memo 1986-255; 1986 Tax Ct. Memo LEXIS 349; 51 T.C.M. (CCH) 1257; T.C.M. (RIA) 86255; June 23, 1986. Carl Gene Hicks & Dorlia J. Hicks, pro se. James E. Kagy, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case [1] was heard pursuant to the provisions of section 7456(d)(3) of the Code and Rules 180, 181 and 182, Tax Court Rules of Practice and Procedure.[2]
Respondent determined a $3,510 deficiency in petitioners' 1980 Federal income taxes. The issues for our decision are (1) whether petitioners may deduct transportation, meals and lodging as traveling expenses incurred while "away from home" on business; (2) whether petitioners may deduct the value of their car as a casualty loss; and (3) whether petitioners may deduct certain claimed medical expenses. Petitioners, *351 Carl Gene Hicks (hereinafter "Carl") and Dorlia J. Hicks (hereinafter "Dorlia"), are husband and wife and filed a joint income tax return for 1980. They resided in Bellevue, Ohio, at the time their petition was filed. Some of the facts have been stipulated and are incorporated herein by this reference. For clarity, well will combine the specific findings of fact and opinion for each issue. TRAVELING EXPENSES
With the exception of several brief lay-offs, Carl worked for Wismer & Becker Contracting Engineers (hereinafter "Wismer & Becker") as a welder on a nuclear power plant construction project in Monroe, Michigan (hereinafter "the Monroe project"), from September 1979 until March 1984. Construction of the entire Monroe project was expected to last several years, but it was divided into sections. Crews were hired for one section at a time and were laid off as each section was completed.Usually, construction on the following section would begin and the crews rehired within two to three weeks. Carl never was told how long his employment would last, but he was aware that Monroe was a major construction project and he knew that welders were in high demand. All of Carl's *352 lay-offs occurred between 1979 and 1982; thereafter he worked continuously until 1984. While working on the Monroe project, Carl lived in a rented apartment near Monroe but his wife and three children continued to reside in Bellevue, Ohio. Petitioners contend that Carl's employment in Monroe was temporary and, therefore, the cost of his food, lodging and automobile is deductible. Respondent maintains that Carl's job was indefinite and, therefore, Carl's traveling expenses constitute nondeductible personal expenses. Personal, living and family expenses ordinarily are not deductible. Sec. 262. However, section 162(a)(2) allows a deduction for traveling expenses, including amounts expended for transportation, meals and lodging, while a taxpayer is "away from home" in pursuit of a trade or business. [3] To qualify for this deduction, three conditions must be met: (1) the expenses must be ordinary and necessary; (2) the expenses must have been incurred while "away from home"; and (3) the taxpayer must have incurred the expenses in pursuit of trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946); Cockrell v. Commissioner,321 F.2d 504, 507 (8th Cir. 1963), *353 affg. 38 T.C. 470 (1962). The concept of "home" in tax cases is generally raised when the taxpayer lives in one city and works in another. In the leading case of Commissioner v. Flowers,supra, the Supreme Court held that, when a taxpayer establishes his home in one city and accepts permanent employment in another, the expenses of traveling to and from the city in which the taxpayer's residence is located are not incurred in pursuit of his trade or business. Rather, they are nondeductible personal living expenses resulting from the taxpayer's decision to maintain his residence in a place other than the city in which his business is located. Foote v. Commissioner,67 T.C. 1, 4 (1976). Therefore, this Court has held that "home", as used in section 162(a)(2), means the vicinity of the taxpayer's principal place of employment and not necessarily where his personal residence is located. E.g., Mitchell v. Commissioner,74 T.C. 578, 581 (1980); *354 Daly v. Commissioner,72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981). However, there is an exception to this rule if the taxpayer's employment is only temporary. Peurifoy v. Commissioner,358 U.S. 59 (1958); Kasun v. United States,671 F.2d 1059 (7th Cir. 1982). Employment is "temporary" if it can be expected to last only for a short period of time. Horton v. Commissioner, 86 T.C.     (Apr. 3, 1986); Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). In contrast, "indefinite" employment exists when the work will continue for an indeterminate or substantially long period of time. Cockrell v. Commissioner,321 F.2d at 507. The fact that employment lacks permanence does not make that employment temporary. Garlock v. Commissioner,34 T.C. 611, 616 (1960). Rather, employment is considered "indefinite", unless termination actually is foreseeable within a short period of time. Michel v. Commissioner,629 F.2d 1071 (5th Cir. 1980), affg. a Memorandum Opinion of this Court; Boykin v. Commissioner,T.C. Memo. 1984-297. *355 Brief interruptions of work at a particular location do not, standing alone, cause employment which would otherwise be "indefinite" to become "temporary." Blatnick v. Commissioner,56 T.C. 1344, 1348 (1971). Moreover, even if a job is temporary at the time it is accepted, later developments may show that it became indefinite. See Boone v. United States,482 F.2d 417 (5th Cir. 1973); Kasun v. United States,supra.
A review of the record reveals that, even if Carl expected that his job would be short-lived at the time he was first hired in 1979, by 1980 he should have deduced that his job was indefinite. Although he was never told the length of the time he would be employed, subsequent to each termination he would be called back within a relatively short period of time. Given such a consistent pattern, we believe Carl could reasonably have expected to be rehired on the same project particularly because he knew that there was a high demand for welders. See Groover v. Commissioner,714 F.2d 1103 (11th Cir. 1983), affg. per curiam a Memorandum Opinion of this Court. In fact, Carl spent over 3 years working on the *356 Monroe project. This substantial length of time is an additional persuasive reason for concluding that Carl's employment with Wismer & Becker was "indeterminate in fact as it developed," Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958); McCallister v. Commissioner,70 T.C. 505, 509 (1978), despite the fact that it consisted of a series of shorter assignments. Norwood v. Commissioner,66 T.C. 467, 471 (1976). Consequently, we find that Carl's position at the Monroe project was indefinite and, accordingly, his expenses are not deductible. CASUALTY LOSS
On January 10, 1980, Dorlia was involved in an automobile accident which "totaled" her pickup truck. She was not reimbursed by insurance. She consulted an attorney during 1980, but did not file suit against the driver of the other vehicle for personal injury and property damage until 1982. On October 12, 1985, she received a judgment against the driver of the other vehicle, but was dissatisfied with the amount of this judgment and, consequentl, chose to appeal. Her appeal was still pending on the date the instant *357 case was tried. A loss resulting from a casualty may only be deducted in the year in which it is sustained. Sec. 165; sec. 1.165-1(d)(1), Income Tax Regs.; see Hills v. Commissioner,76 T.C. 484, 488 (1981), affd. 691 F.2d 997 (11th Cir. 1982). A loss is sustained when evidenced by a closed and completed transaction. Sec. 1.165-1(d)(1), Income Tax Regs. See Gale v. Commissioner,41 T.C. 269, 275 (1963). When there exists a claim for reimbursement having a reasonable prospect of recovery, the loss is sustained when it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Sec. 1.165-1(d)(2)(i), Income Tax Regs. See Ramsey Scarlet & Co. v. Commissioner,61 T.C. 795, 807-811 (1974), affd. 521 F.2d 786 (4th Cir. 1975). The fact that Dorlia filed a law suit in 1982 to recover her loss leads us to believe that she had a recoverable claim for reimbursement during the year in issue. [4]Dawn v. Commissioner,675 F.2d 1077, 1078 (9th Cir. 1982), affg. a Memorandum Opinion of this Court; Estate of Scofield v. Commissioner,266 F.2d 154, 159 (6th Cir. 1959), *358 affg. in part and revg. in part 25 T.C. 774 (1956). In fact, she ultimately was successful in recovering damages. Further, even a greater amount may be recovered if the appeal is successful. Under these circumstances, we find that she is not entitled to a loss deduction for 1980. MEDICAL EXPENSES
On their 1980 income tax return, petitioners deducted $2,300 in medical insurance premiums. Respondent disallowed the deduction maintaining that petitioners failed to substantiate the amount paid. Within certain limitations, section 213 permits a deduction for medical insurance premiums. Petitioners have the burden of proving that they are entitled to the claimed deduction. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). At trial, petitioners testified that medical insurance premiums were deducted from Carl's wages, *359 but they could not recall the amounts deducted nor did they submit any documentary evidence of these premiums. Based on this record, we find that petitioners have failed to carry their burden of proof and sustain respondent's determination on the medical expense issue. Decision will be entered for the respondent.
Footnotes
1. This case was originally filed as a small tax case pursuant to sec. 7463. By order dated January 4, 1984, the Court granted petitioners' motion to remove this case from the small tax category. ↩
2. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The parties agree that, if we find that Carl was away from home in pursuit of his business (within the meaning of the statute), he is entitled to a deduction for the full amount claimed.↩
4. That Dorlia filed the suit over a year after she claimed the deduction does not negate this inference. Dawn v. Commissioner,675 F.2d 1077, 1078 (9th Cir. 1982), affg. a Memorandum Opinion of this Court; see National Home Products, Inc. v. Commissioner,71 T.C. 501, 525-526↩ (1979).