955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William H. GEISLER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-70631.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1992.
Decided Feb. 20, 1992.
 
 Before POOLE, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Geisler ("Taxpayer") learned in late 1979 that his investment advisor, Richard Warner ("Warner"), had defrauded him of more than $500,000. While Taxpayer was seeking to recover these lost funds by suing Warner and two insurance companies, the Internal Revenue Service ("IRS") issued notices of deficiency to Taxpayer for the years 1978 through 1980. Taxpayer unsuccessfully sought a redetermination of those deficiencies by filing a petition with the Tax Court. Taxpayer now appeals from the Tax Court's ruling in favor of the IRS, arguing that the Tax Court erred by denying his claimed deductions for a theft loss and attorney's fees for 1979. We affirm.
 
 I. THEFT LOSS DEDUCTION
 
 3
 A taxpayer is entitled to deduct "any loss sustained during the taxable year and not compensated for by insurance or otherwise." 26 U.S.C. § 165(a). In cases of theft, where the taxpayer's discovery of his loss may not occur until long after it was actually sustained, the loss is "treated as [having been] sustained during the taxable year in which the taxpayer discovers such loss." 26 U.S.C. § 165(e). A qualification to this rule is that
 
 
 4
 [I]f in the year of discovery there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which reimbursement may be received is sustained, for purposes of section 165, until the taxable year in which it can be ascertained with reasonable certainty whether or not such reimbursement will be received.
 
 
 5
 Treas.Reg. § 1.165-1(d)(3) (in relevant part). Finally, it is the taxpayer who must clear all of these hurdles, i.e., he bears the burden of proving that a deductible loss was sustained within the meaning of 26 U.S.C. § 165(e) and Treas.Reg. § 1.165-1(d)(3). Citron v. C.I.R., 97 T.C. 200, 207 (1991) (citing Clapp v. C.I.R., 321 F.2d 12, 14 (9th Cir.1963)).
 
 
 6
 Taxpayer's challenge to the Tax Court's ruling that he was not entitled to a theft loss deduction for 1979 because he had a reasonable prospect of reimbursement on his claim for that loss at the end of 1979 may be roughly broken down into three arguments: (1) there was no factual basis for the Tax Court's conclusion that, at the end of 1979, Taxpayer had a reasonable prospect of recovering his theft loss; (2) "reimbursement" was never meant to apply to third parties (e.g., insurance companies); and (3) Treas.Reg. § 1.165-1(d)(3) constitutes an unlawful departure from Congress's expressed intent that theft losses be deducted in and only in the year of their discovery. Each of these arguments is discussed below.
 
 A. Reasonableness of Reimbursement Prospect
 
 7
 It is not to future events, but to those objectively verifiable facts which existed at the end of 1979, that we must look to see whether Taxpayer engaged in conduct indicating a reasonable prospect of reimbursement on his claim. See, e.g., Halliburton Co. v. C.I.R., 946 F.2d 395, 399-400 (5th Cir.1991) (citing United States v. S.S. White Dental Mfg. Co., 274 U.S. 398, 403 (1927)); Ramsay Scarlett & Co. v. C.I.R., 521 F.2d 786, 789 (4th Cir.1975).
 
 
 8
 Here, the record shows that, at the end of 1979, Taxpayer had (1) discussed with Warner the possibility of future restitution, (2) received from Warner a down payment of $10,000, and (3) retained counsel for the purpose of suing Warner. It is this third factor which is particularly significant. In a closely analogous case, we stated that
 
 
 9
 Determining whether taxpayers had a claim for reimbursement that provided a reasonable prospect for recovery is an objective inquiry requiring an examination of the facts and circumstances surrounding the deduction. The fact that taxpayers filed a lawsuit to recover the deducted loss gives rise to an inference that they had such a claim.... Taxpayers' presumptive state of mind, as evidenced by the filing of a lawsuit, goes far toward showing the reasonableness of their prospect of recovery.
 
 
 10
 Dawn v. C.I.R., 675 F.2d 1077, 1078-79 (9th Cir.1982) (construing 26 U.S.C. § 165(a) and Treas.Reg. 1.165-1(d)(2)(i)) (citations omitted). In light of these considerations, the Tax Court was not in error in finding that the Taxpayer had a reasonable prospect of reimbursement at the end of 1979.
 
 B. Reimbursement from Third Parties
 
 11
 Taxpayer's argument that reimbursement was never meant to apply to third parties, including insurers, is meritless on its face. Section 165(a) expressly limits losses to those "not compensated for by insurance", and no authority directly supports the proposition advanced by Taxpayer. Indeed, at least one court has expressly held that "A reasonable prospect of recovery exists when the taxpayer has bona fide claims for recoupment from third parties or otherwise". McCullough v. C.I.R., 60 T.C.M. (CCH) 1514, 1516 (1990) (citing Ramsay Scarlett & Co., supra ) (emphasis added). See generally 7 Jacob Mertens, Jr., Mertens Law of Federal Income Taxation § 28.110 (Martin Weinstein, et al., eds., rev. ed. 1989). Accordingly, we reject this contention.
 
 C. Propriety of Treasury Regulation
 
 12
 Quoting from part of section 165(e)'s legislative history, Taxpayer argues that Treas.Reg. § 1.165-1(d)(3) is contrary to Congress's expressed intent that theft losses must always and only be deducted in the year discovered. These arguments have been advanced and rejected elsewhere, see, e.g., Rainbow Inn, Inc. v. C.I.R., 433 F.2d 640, 642-43 (3d Cir.1970) and Ramsay Scarlett & Co., 61 T.C. at 810, and we have expressly held, albeit in another context, that section 165(e) should not be read as absolutely requiring the deducting of a theft loss in and only in the year of its discovery. Rod Warren Ink v. C.I.R., 912 F.2d 325, 327-28 (9th Cir.1990). We therefore reject Taxpayer's argument on this point as well.
 
 II. DENIAL OF ATTORNEY'S FEE DEDUCTION
 
 13
 Rule 155 of the Rules of Practice and Procedure of the United States Tax Court, 26 U.S.C. foll. § 7453, provides in relevant part
 
 
 14
 Where the Court has filed or stated its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency, liability, or overpayment to be entered as the decision.... This Rule is not to be regarded as affording an opportunity for retrial or reconsideration.
 
 
 15
 Tax Ct.R. 155(a), (c). Because Rule 155 computation proceedings follow the trial on the merits, they are confined to the calculation of the correct amount owed and no consideration is to be given to issues already disposed of or not previously raised. Paccar, Inc. v. C.I.R., 849 F.2d 393, 399 (9th Cir.1988).
 
 
 16
 Taxpayer did not present the Tax Court with the question of the deductibility of his $10,000 attorney's fee claim until after all other issues had been briefed, argued, and finally determined at trial. Accordingly, it cannot be said that the Tax Court abused its discretion in denying the relief requested. See Nor-Cal Adjusters v. C.I.R., 503 F.2d 359, 363 (9th Cir.1974) (Tax Court's refusal to allow taxpayer to assert new issue after close of trial reviewed for abuse of discretion).
 
 
 17
 Because we find no merit to Taxpayer's remaining arguments, the decision of the Tax Court is AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3