8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William ALBERTS; Virginia C. Alberts, et al., Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 Nos. 91-70239 to 91-70247 and 91-70332.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1993.
Submission Withdrawn July 30, 1993.
Resubmitted Sept. 27, 1993.
Decided Sept. 30, 1993.
 
 Before: FLETCHER, POOLE, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William and Virginia Alberts and other taxpayers (collectively "taxpayers") appeal the tax court's decision granting the Commissioner of the Internal Revenue Service's motion for entry of decision in the taxpayers' action seeking a redetermination of their income tax deficiencies. We have jurisdiction under 28 U.S.C. § 7482(a), and we affirm as to all taxpayers except the Johnsons, No. 91-70243, and the Nobles, No. 91-70332. Pursuant to the Commissioner's request, we remand Johnson, No. 91-70243, for entry of decision in favor of the taxpayers, and we remand Nobles, No. 91-70332, to allow the tax court to reconsider its decision in light of newly discovered evidence bearing on that case.
 
 
 3
 * The taxpayers are several of over 300 hundred clients of the law firm of Berg & Allen who received notices of tax deficiency assessed against them by the Commissioner, who disallowed losses and investment tax credits generated by Berg & Allen tax shelter partnerships. The taxpayers and other Berg & Allen clients filed petitions seeking redetermination of their income tax deficiencies. See Abeson v. Commissioner, 59 T.C.M. (CCH) 391, 1990 WL 40955 at 3 (1990), aff'd sub nom., Rivera v. Commissioner, No. 91-70086, unpublished memorandum disposition (9th Cir. March 31, 1992).
 
 
 4
 In Abeson, the tax court tried six consolidated cases as test cases to determine issues that were common to all of the cases, including whether the taxpayers had received the refund checks sent by the IRS to Berg & Allen and subsequently negotiated by Berg & Allen. Abeson, 1990 WL 40955 at 1-3, 5-6, 29-31. The Abeson taxpayers were represented by John Harrison Wegge, the attorney who represents the taxpayers in this case. See 1990 WL 40955 at 1. In March 1986, Wegge and the Commissioner executed a stipulation in which they agreed that (1) a common issue remaining to be tried was whether the taxpayers "actually or constructively received the refund checks that were issued by the respondent to the petitioners for the taxable years at issue in this case" ("the refund check issue") and that (2) the taxpayers, through Wegge, would "sign and file with the Court a stipulation to be bound with respect to all cases represented by the petitioners' counsel which are not part of the motion to consolidate." Abeson, 1990 WL 40955 at 3-4; see also id. at 5 (describing substantive issue to be litigated as the refund check issue) and 6 ("[w]e will thus decide this [refund check] issue on the record before us to avoid the necessity of further litigation by other similarly situated taxpayers"). Wegge subsequently refused to execute such a stipulation on behalf of the taxpayers.
 
 
 5
 The tax court then conducted a trial in the test cases and determined that the Abeson taxpayers had received the refund checks sent to and negotiated by Berg & Allen. Abeson, 1990 WL 40955 at 29-31.
 
 
 6
 On April 16, 1990, pursuant to the Commissioner's request, the tax court issued orders to show cause why the taxpayers in these cases should not be bound by the Abeson opinion. On April 16, 1990, the tax court held a hearing, and on August 6, 1990, the court ordered that the decision in Abeson controlled the refund issue in the taxpayers' cases. The tax court then restored the cases to the general docket for trial or other disposition on the remaining issues.
 
 
 7
 On November 15, 1990, the Commissioner filed a motion for entry of decision in each of the taxpayers' cases on the ground that the cases involved only the refund check issue. Because the tax court already had determined that the taxpayers were bound by Abeson, which resolved the tax refund issue in favor of the Commissioner, the Commissioner argued in its motions for entry of decision that there was nothing left for the court to do but enter decision in favor of the Commissioner. The taxpayers did not file any objections to the Commissioner's motions and did not request a hearing. On December 19, 1990, the tax court granted the Commissioner's motions and entered decisions against all of the taxpayers except the Nobles in the amounts of the deficiencies assessed against them by the Commissioner.
 
 
 8
 On February 8, 1991, the tax court entered a decision against the Nobles of $7,646, the amount of their deficiency.
 
 
 9
 The Nobles timely appealed the district court's February 8, 1991 entry of decision on May 9, 1991. The other taxpayers timely appealed the district court's December 19, 1990 entry of decision on March 19, 1991.
 
 II
 
 10
 The taxpayers, other than the Nobles, contend that the tax court's summary decision granting the Commissioner's motions for entry of decision denied them due process.
 
 
 11
 Procedural due process requires notice and an opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313-14 (1950); Guenther v. Commissioner, 889 F.2d 882, 884 (9th Cir.1989). A hearing is not necessarily required: whether the taxpayers "received due process depends on whether they had an opportunity to participate in determination of the relevant issues." See Urban, 964 F.2d at 890; Guenther, 889 F.2d at 884; Nunley v. Commissioner, 758 F.2d 372, 373 (9th Cir.1985) (tax court's dismissal of petition for redetermination of tax deficiencies without a hearing) (citing Cafeteria & Restaurant Workers, Local 373 v. McElroy, 367 U.S. 886, 894-95 (1961), for the proposition that due process does not always require a hearing).
 
 
 12
 Here, the tax court held a hearing before it determined that the taxpayers were bound by the decision in Abeson regarding the tax refund issue. The tax court then set the cases for trial to the extent that there were any remaining issues other than the tax refund issue. The Commissioner moved for entry of decision on the ground that the cases involved only the tax refund issue and that there was nothing left for the tax court to do but enter a decision in favor of the Commissioner. The taxpayers did not object to the Commissioner's motion or request a hearing.
 
 
 13
 The taxpayers had notice of the Commissioner's motions for entry of decision and could have filed objections to them and/or requested a hearing. Thus, they had notice and an opportunity to be heard. Moreover, the taxpayers had a hearing regarding whether they should be bound by the Abeson decision, which governed the outcome of the sole issue remaining in their cases. Given these circumstances, the tax court's summary entry of decision in favor of the Commissioner without a hearing did not violate due process. See Urban, 964 F.2d at 890.
 
 
 14
 The taxpayers also argue conclusorily that the tax court's failure to hold a hearing violated their equal protection rights because the court held a hearing in the Nobles case. We disagree. The tax court apparently held a hearing in Nobles because it overlooked Nobles when it granted the Commissioner's motions for entry of decision in the other cases. In any event, the taxpayers' conclusory allegations of an equal protection violation do not establish purposeful, invidious discrimination, and accordingly, their equal protection claim fails. See Harris v. McRae, 448 U.S. 297, 322 (1980); Alford v. Rolfs, 867 F.2d 1216, 1219 (9th Cir.1989).[1]
 
 III
 
 15
 The Commissioner, for reasons unrelated to the issues raised here, has decided not to pursue the deficiencies assessed against the Johnsons and has requested that we remand Johnson, No. 91-70243, for entry of decision in favor of the taxpayers. Accordingly, we remand for entry of decision in favor of the Johnsons. Pursuant to the Commissioner's request, we also remand Nobles, No. 91-70332, to allow the tax court to reconsider its decision in light of newly discovered evidence bearing on that case.
 
 
 16
 AFFIRMED in part and REMANDED in part with instructions.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In their reply brief, the taxpayers argue confusingly that the tax court judge was biased and that generally their cases were adjudicated deficiently. To the extent that the taxpayers attempt to raise new claims in their reply brief, we do not consider them. See Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir.1980), cert. denied, 452 U.S. 961 (1981)