12 F.3d 1111
 73 A.F.T.R.2d 94-507
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rita Ann WAYNO, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70536.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rita Ann Wayno appeals pro se the Tax Court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of deficiency in income tax due for the 1986 tax year, plus additions to tax for negligence. We have jurisdiction under 26 U.S.C. Sec. 7482(a). We affirm.
 
 
 3
 * Background
 
 
 4
 On April 15, 1987, Wayno and her husband (now deceased) filed a joint tax return for 1986. In March 1990, Wayno filed an amended tax return for 1986. Wayno's amended return reported deductible business expenses totalling $3,566 and "casualty" losses totalling $1,917,766.[1] On March 29, 1990, the Commissioner disallowed the deductions Wayno had claimed on her original return for 1986 and issued a notice of income tax deficiency in the amount of $6,515. The Commissioner also determined additions to tax because of negligence. On June 18, 1990, Wayno filed a petition in the Tax Court seeking a redetermination of the deficiency. On January 28, 1992, the Tax Court sustained the Commissioner's determination. Wayno timely appeals.
 
 II
 Merits
 A. Tax Court Jurisdiction
 
 5
 Wayno contends the Tax Court lacked jurisdiction to determine her tax liability for the 1986 tax year. In particular, she contends the Tax Court lacked jurisdiction to review her original and/or amended returns for 1986. This contention lacks merit.
 
 
 6
 We review de novo the scope of the Tax Court's jurisdiction. See Kelley v. Commissioner, 877 F.2d 756, 757 (9th Cir.1989).
 
 
 7
 When a taxpayer files a petition seeking redetermination of a deficiency, the Tax Court acquires jurisdiction over "the entire gamut of possible issues that controlled the determination of the amount of tax liability for the year in question." Russell v. United States, 592 F.2d 1069, 1072 (9th Cir.), cert. denied, 444 U.S. 946 (1979).
 
 
 8
 Here, Wayno petitioned the Tax Court for redetermination of the deficiency determined in connection with her 1986 tax return. In her petition, she challenged the Commissioner's determination on the ground that she had filed an amended return. Wayno argued to the Tax Court that "[c]onsideration of this amended return by the IRS should result in a cancelling out of the alleged tax due." Because Wayno put both returns in issue, the Tax Court reviewed both the original and amended returns. The Tax Court did not err by doing so. See id.
 
 
 9
 B. Deduction for Losses Attributable to Florida I.Q. Operations
 
 
 10
 Wayno contends the Tax Court erred by ruling that she was not entitled to deduct various losses reported on her return for the 1986 tax year. In particular, Wayno contends that until 1986 she had a reasonable prospect of recovering losses incurred by Florida I.Q. Computer Corp. ("Florida I.Q.").[2] This contention lacks merit.
 
 
 11
 We review for clear error the Tax Court's determination of whether a taxpayer has met her burden of proving she is entitled to deduct losses reported on a tax return. Betson v. Commissioner, 802 F.2d 365, 367 (9th Cir.1986).
 
 
 12
 An individual may take a loss deduction if the loss: (1) is incurred in a trade or business; (2) is incurred in a transaction entered for profit; (3) results from natural disasters or casualty, or (4) results from theft. 26 U.S.C. Sec. 165(c). A taxpayer may deduct a loss only for the taxable year in which the loss is sustained. 26 U.S.C. Sec. 165(a); Dawn v. Commissioner, 675 F.2d 1077, 1078 (9th Cir.1982). A loss is sustained during the taxable year in which the closed or completed transaction resulting in the loss occurs or in which the identifiable event causing the loss occurs. Dawn, 675 F.2d at 1078. A theft loss generally is deductible in the year of discovery. 26 U.S.C. Sec. 165(e). Nevertheless, no portion of a loss may be deducted "until it can be ascertained with reasonable certainty whether or not ... reimbursement will be received." Treas.Reg. Sec. 1.165-1(d)(2)(i). Whether a taxpayer has a reasonable prospect of recovery is a question of fact to be determined upon examination of the facts and circumstances. Dawn, 675 F.2d at 1078; Treas.Reg. Sec. 1.165-1(b).
 
 
 13
 Here, Wayno listed as deductions the losses resulting from the vandalism and sale of Florida I.Q. equipment, and from theft and embezzlement of Florida I.Q. cash. All of these events occurred in 1975. Wayno deducted these amounts on the theory that she had a reasonable prospect of recovering these losses until 1986, when the United States Supreme Court returned her petition for a writ of certiorari in her action involving Florida I.Q.'s Fort Jackson contract.[3]
 
 
 14
 The Tax Court found the losses were not deductible in 1986. This finding is not clearly erroneous. First, the events causing the losses did not occur in 1986. See Dawn, 675 F.2d at 1078. Second, by May 1985, this court had affirmed a decision in the Fort Jackson litigation adverse to Wayno. Thus, in 1985, Wayno had no reasonable prospect of recovery. See id. Third, the Supreme Court denied certiorari in 1989, not 1986. Finally, the Fort Jackson litigation did not involve losses attributable to vandalism, sale, theft, and embezzlement. Thus, the Tax Court was not clearly erroneous in finding that the losses were not deductible in 1986 because the underlying loss events occurred in 1975 and because Wayno did not have reasonable prospect of recovery in 1986. See Dawn, 675 F.2d at 1078.
 
 C. Litigation Expenses
 1. Fort Jackson Contract
 
 15
 Wayno also contends the Tax Court erred by disallowing her deduction of the Fort Jackson litigation expenses as business expenses. This contention lacks merit.
 
 
 16
 We uphold a Tax Court's determination that litigation expenses are not necessary business expenses unless such determination is clearly erroneous. See Inland Asphalt Co. v. Commissioner, 756 F.2d 1425, 1428 (9th Cir.1985).
 
 
 17
 A taxpayer may deduct "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. Sec. 162(a). A taxpayer may also deduct ordinary and necessary expenses paid or incurred "for the production or collection of income." Id. Sec. 212(1). To be entitled to deduct such expenses, however, the taxpayer must have a genuine profit motive. Portland Golf Club v. Commissioner, 497 U.S. 154, 163-64 (1990).
 
 
 18
 The record supports the Tax Court's finding that Wayno did not have a profit motive in 1986 with respect to the litigation involving the contract claims of Florida I.Q.[4] The Tax Court discounted the credibility of Wayno's testimony that she had a genuine profit motive in pursuing litigation "irrespective of the probability of her success." Moreover, a significant portion of the litigation expenses Wayno deducted on her original return was attributable to the rent for her apartment and her general living expenses. Such expenses are personal living expenses and, therefore, are generally not deductible as business expenses. See 26 U.S.C. Secs. 262, 280A(a). Thus, the Tax Court's findings are not clearly erroneous.
 
 2. Automobile Accident
 
 19
 Wayno contends the Tax Court erred by finding that the expenses she incurred in her lawsuit against Steele Chevrolet were not related to a business or profit motive. This contention lacks merit.
 
 
 20
 The Steele Chevrolet litigation involved claims for damage to Wayno's car resulting from an automobile accident that occurred while Wayno's son was driving the car.[5] Wayno argued that the expense of litigating the case should be deductible because she used the car to go to and from the law library, to file documents, and to get supplies in connection with the Fort Jackson litigation. The record supports the Tax Court's finding, however, that Wayno failed to introduce any evidence demonstrating that the car was damaged while it was being used for a business-related purpose. Because Wayno failed to meet her burden, the Tax Court properly upheld the Commissioner's determination that Wayno is not entitled to a deduction. See Portland Golf, 497 U.S. at 163-64.
 
 D. Disallowance of Investment Tax Credit
 
 21
 Wayno contends the Tax Court erred by disallowing an investment tax credit on her car. We review de novo the Tax Court's determination of whether a taxpayer is entitled to claim an investment tax credit. Walt Disney Inc. v. Commissioner, 4 F.3d 735, 738 (9th Cir.1993).
 
 
 22
 Generally, taxpayers may take a credit against their tax for tangible personal property placed in service in their business during the year, provided the property is depreciable and has a useful life of three or more years. 26 U.S.C. Secs. 38, 46(a), & 48(a)(1). Nevertheless, section 47(a) requires recapture of all of the investment tax credit claimed if the property ceases to be used in business within one full year after the property is placed in service. Id. Sec. 47(a)(1). Treas.Reg. Sec. 1-47-1(a). The investment tax credit is inapplicable to property placed in service after 1985. 26 U.S.C. Sec. 49(a).
 
 
 23
 Here, Wayno purchased an Oldsmobile in 1983. She deducted depreciation and claimed an investment tax credit on her return for the 1983 tax year. Wayno used the Oldsmobile for personal purposes during 1984 and 1985 and for business during 1986. On her 1986 income tax return, Wayno took credit for the unused portion of the income tax credit claimed in 1983. Because Wayno ceased using the Oldsmobile for business in 1984, however, she was entitled to take the investment tax credit only in the 1984 tax year. See id. Sec. 47(a)(1). Moreover, Wayno could not claim the tax credit for the car when she began using it only for business again in 1986. See id. Sec. 49(a). Accordingly, the Tax Court properly upheld the Commissioner's disallowance of Wayno's claimed investment tax credit.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wayno's original return reported deductible business expenses totalling $21,530 (which included $16,390 for rent on her apartment)
 
 
 [2]
 From 1968 to 1984, Wayno and her husband owned and operated Florida I.Q., which installed, maintained, and operated music and amusement machines
 
 
 [3]
 Florida I.Q. had a contract with the Army and Air Force Exchange Service (AAFES) to operate machines at Fort Jackson in Columbia, South Carolina. In 1975, AAFES terminated the contract. Florida I.Q. appealed the termination to the Armed Service Board of Contract Appeals, which determined termination was proper and denied recovery. In 1982, Wayno filed an action in district court against AAFES and the United States on behalf of Florida I.Q., alleging breach of contract and various tort claims. The case and the appeal were dismissed on the ground that Wayno, who was not an attorney, was attempting to litigate claims on behalf of Florida I.Q., a corporation
 
 
 [4]
 The Tax Court found that Wayno continued to litigate Florida I.Q.'s claim over several years out of a "personal vendetta."
 
 
 [5]
 The lawsuit was decided against Wayno. Wayno v. Bob Steele Chevrolet, Inc., 819 F.2d 1148 (11th Cir.), cert. denied, 484 U.S. 899 (1987)