T.C. Memo. 1998-326

UNITED STATES TAX COURT

JAMES M. ABRAHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14716-97.          Filed September 17, 1998.

James M. Abraham, pro se.

<u>Valerie N. Larson</u>, for respondent.

MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the tax year in issue, unless otherwise indicated.

All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $1,293 and an addition to tax for failure to file timely a Federal income tax return pursuant to section 6651(a)(1) in the amount of $323.25.

We must decide the following issues:

(1) Whether petitioner is liable for a deficiency in income tax for 1994 in the amount of $1,293. We hold that he is.

(2) Whether petitioner is liable for an addition to tax in the amount of $323.25 under section 6651(a)(1) for failure to file timely an income tax return for 1994. We hold that he is.

(3) Whether petitioner is entitled to a jury trial in deficiency proceedings in the U.S. Tax Court with respect to the above-mentioned issues concerning his income tax liability for 1994. We hold that he is not.

(4) Whether petitioner is liable for a penalty under section 6673(a). We hold that he is liable for such a penalty and require him to pay to the United States a penalty of $500.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Escondido, California, when his petition was filed. Petitioner did not file a Federal income tax return for the year 1994. On

April 18, 1997, respondent issued a statutory notice of deficiency for petitioner for 1994 based upon taxable income reports to the Internal Revenue Service (IRS) received from Hidden Valley Ranch, Inc., and from the U.S. Department of the Treasury (Treasury Department). The report from Hidden Valley Ranch, Inc., reported wages paid to petitioner in the amount of $15,560 for 1994. The report from the Treasury Department reported interest income paid to petitioner in the amount of $94 for 1994.

Discussion

Petitioner presented no evidence at trial to refute respondent's determination of deficiency. To the contrary, petitioner has stipulated that he received $15,560 of wages from Hidden Valley Ranch, Inc., and $94 of interest income from the Treasury Department. During the trial, petitioner did not dispute respondent's determination of a deficiency, but instead stated that his purpose for filing his petition was "to simply be able to become an up-to-date taxpayer and pay my taxes from '94 * * * without having to pay penalties or interest on those years." Since petitioner does not deny that he owes the amount of the deficiency, we sustain respondent's determination of the deficiency in petitioner's income tax for 1994.

Section 6651(a) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions. The addition to tax is

inapplicable, however, if the taxpayer shows that the failure to file the return was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1). To prove "reasonable cause", a taxpayer must show that he exercised ordinary business care and prudence and still was unable to file the return within the statutorily prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989). Whether the elements which constitute reasonable cause or willful neglect are present in any given situation is a question of fact. United States v. Boyle, 469 U.S. 241, 249 n.8 (1985). In the present case, petitioner admitted that he had failed or refused to file a tax return for 1994. His argument in justification was that allegedly he had been treated poorly by representatives of the IRS during a prior audit with respect to other years. Petitioner's argument is not adequate to show reasonable cause; his position is patently unreasonable and has no basis in the tax law. On its face, petitioner's argument is a statement of his willfulness in refusing to file a return for 1994. Respondent's determination of an addition to tax for 1994 under section 6651(a) is sustained.

Petitioner asserted during trial that he is entitled to a jury trial by reason of the Seventh Amendment to the Constitution, which provides: "In suits at common law, when the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." It has long been held that

taxpayers are not entitled to jury trial in the Tax Court. <u>Nunley v. Commissioner</u>, 758 F.2d 372 (9th Cir. 1985); <u>Dawn v. Commissioner</u>, 675 F.2d 1077 (9th Cir. 1982), affg. T.C. Memo. 1979-479; <u>Swanson v. Commissioner</u>, 65 T.C. 1180 (1976). Petitioner's contention that he was improperly denied a right to a jury trial in this Court lacks merit.

As to respondent's oral motion for imposition of a penalty under section 6673, section 6673(a)(1) allows this Court to award a penalty not in excess of $25,000 when proceedings have been instituted or maintained primarily for delay, or where the taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law. <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986); <u>Kish v. Commissioner</u>, T.C. Memo. 1998-16; <u>Talmage v. Commissioner</u>, T.C. Memo. 1996-114, affd. without published opinion 101 F.3d 695 (4th Cir. 1996). In our opinion, such is the case here, and we believe that a penalty is appropriate. The position argued by petitioner is frivolous and wholly without merit. We will require petitioner to pay a $500 penalty under section 6673(a).

To reflect the foregoing,

<u>An appropriate order and
decision will be entered</u>.