NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BAYVIEW LOAN SERVICING, LLC;
FEDERAL HOME LOAN MORTGAGE
CORPORATION,

      Plaintiffs-counter-
      defendants-Appellees,

  v.

6364 GLENOLDEN STREET TRUST,

      Defendant-counter-claimant-
      Appellant,

and

SHADOW SPRINGS COMMUNITY
ASSOCIATION; RED ROCK FINANCIAL
SERVICES, LLC,

      Defendants.

No.   19-17544

D.C. No.
2:16-cv-02677-JAD-DJA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 20, 2021[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: WALLACE and GOULD, Circuit Judges, and VITALIANO,*** District Judge.

Defendant-Appellant 6364 Glenolden Street Trust appeals from the district court's order granting summary judgment in favor of Plaintiffs-Appellees Federal Home Loan Mortgage Corporation ("Freddie Mac") and Bayview Loan Servicing, LLC on the ground that the Federal Foreclosure Bar precluded the extinguishment of their interest in a condo purchased by the Trust at a foreclosure sale. We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011), we affirm. We also have determined that sanctions are warranted against the Trust and its counsel for filing a frivolous appeal, and we refer the issue of the proper amount of sanctions to our Acting Appellate Commissioner, Lisa Fitzgerald.

1.      The Trust argues that the Federal Foreclosure Bar does not apply because Freddie Mac failed to acquire and record in its own name the deed of trust on the condo after buying the underlying loan. The Trust urges that as a result, the foreclosure sale to the Trust extinguished Freddie Mac's interest in the condo.

But this contention by the Trust is foreclosed by binding precedent in the

***      The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

Nevada Supreme Court, which has held that "there is no requirement that the beneficial interest in the deed of trust need[s] to be assigned or conveyed to Freddie Mac in order for Freddie Mac to acquire ownership of the loan," and that "Nevada's recording statutes d[o] not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing that interest." *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019).

Nevada law also states that Freddie Mac's interest in the condo is enforceable against the Trust if some entity recorded the deed of trust before the foreclosure sale and Freddie Mac has an agency relationship with the deed of trust beneficiary. *Id.*; *accord In re Montierth*, 354 P.3d 648, 650–51 (2015); *see also Berezovsky v. Moniz*, 869 F.3d 923, 928, 931–33 (9th Cir. 2017). Both requirements are satisfied here. We have held that the unrecorded interest that Freddie Mac holds while its servicer is the deed of trust beneficiary is "sufficient to invoke the Federal Foreclosure Bar." *LN Mgmt., LLC v. JPMorgan Chase Bank N.A.*, 957 F.3d 943, 948 n.2, 950–51 (9th Cir. 2020). Given this precedent, we decline to disturb the district court's summary judgment order on this ground.

2.      In the alternative, the Trust argues that Freddie Mac cannot have owned the loan underlying the deed of trust on the condo because it is not named in any deed of trust assignments, thereby rendering the Federal Foreclosure Bar inapplicable to this case.

This contention is incorrect as a matter of Nevada law, under which recorded instruments need not identify the owner of underlying loans because it is permissible to instead list a beneficiary who is the owner's agent. *Daisy Tr.,* 445 P.3d at 849; *In re Montierth*, 354 P.3d at 650–51; *accord Berezovsky*, 869 F.3d at 932–33. The loan owner "remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent." *Berezovsky*, 869 F.3d at 932; *accord Freddie Mac v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1149 (9th Cir. 2018), *cert denied*, --- U.S. ---, 139 S. Ct. 1618 (2019). For these reasons, the deed of trust assignments upon which the Trust relies are not probative of who owns the underlying loan secured by the condo. *See Daisy Tr.*, 445 P.3d at 849; *Berezovsky*, 869 F.3d at 932. And Freddie Mac offered uncontroverted evidence that it owns this loan. We hold that the Trust has failed to set out any genuine dispute of material fact as to ownership of the loan underlying the deed of trust on the condo, so reversal is not warranted here. *See Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017) (setting out summary judgment standard).

3. The Trust filed a Federal Rule of Appellate Procedure 28(j) letter arguing that the United States Supreme Court's recent decision in *Collins v. Yellen*, --- U.S. ---, 141 S. Ct. 1761 (2021), requires us to remand this case for calculation of damages arising from the unconstitutional structure of the Federal Housing Finance Agency ("FHFA"). This letter is improper because it tries to inject a new issue into the case

so we will not consider it. *See United States v. LaPierre*, 998 F.2d 1460, 1466 n.5 (9th Cir. 1993).

At any rate, the Trust's Rule 28(j) letter is not persuasive for several reasons. Because FHFA is not a party to this case, it is unclear how we could even order the damages proceedings that the Trust requests on remand. The Trust also incorrectly interprets *Collins*, which concerns whether Congress violated the constitutional separation of powers doctrine by imposing a "for cause" restriction on the President's power to remove the director of FHFA. *See* 141 S. Ct. at 1783–87. Although the Supreme Court answered this question in the affirmative, it explained that this holding did not invalidate any FHFA actions because the agency's directors were properly appointed by the President and thereby had the authority to carry out the functions of that office. *Id*. at 1787. The Trust's suggestion that *Collins* voided FHFA's actions with regard to the condo loan owned by Freddie Mac is baseless. Nor does *Collins* support the Trust's claim that it has standing to recover damages from FHFA. *Collins* is the product of a shareholder derivative lawsuit and states that FHFA shareholders have standing to seek damages resulting from FHFA's unconstitutional structure. *See id*. at 1778–81. The Trust offers no evidence that it owns shares in FHFA, so *Collins* is irrelevant with regard to the issue of the Trust's standing to sue FHFA. *See id*. In addition, the Trust could pursue a *Collins*-style damages claim against FHFA only by causally linking a specific, tangible harm to

5

the for-cause removal provision, but it failed to do so in any of its filings. *See id.* at 1788–89. For these reasons, we decline to grant the Trust's improper request for remand with instructions to conduct damages proceedings.

4. Freddie Mac and Bayview filed a motion for sanctions against the Trust and its counsel on the basis that the Trust's appeal exclusively consists of frivolous legal positions foreclosed by binding caselaw. We grant this motion and sanction the Trust and its counsel on the grounds set out below. We however refer the issue of the proper amount of sanctions to this court's Acting Appellate Commissioner.

We have the discretion to impose sanctions on parties and counsel who file frivolous appeals. 28 U.S.C. § 1912 ("[If] a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party damages for his delay, and single or double costs."); Fed. R. App. P. 38 (same). Frivolous appeals are "contrary to specific and unambiguous statutory provisions and to clearly established principles of law," *Grimes v. CIR.*, 806 F.2d 1451, 1454 (9th Cir. 1986), "in direct conflict with firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable modification," *In re Becraft*, 885 F.2d 547, 549 (9th Cir. 1989), or such that "the results are obvious, or the arguments of error are wholly without merit," *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990). Bad faith is not required for sanctions. *See Becraft*, 885 F.2d at 549. And the reach of § 1912 and Rule 38 is not limited to the parties—

6

they too "permit the imposition of personal sanctions against counsel," *In re Girardi*, 611 F.3d 1027, 1065 (9th Cir. 2010), who files a frivolous appeal, *Becraft*, 885 F.2d at 548; *Grimes*, 806 F.2d at 1454.

This appeal is frivolous because, as explained above, both contentions set out in the Trust's Opening Brief are foreclosed by binding precedent from the Nevada Supreme Court and our court. *See Daisy Tr.,* 445 P.3d at 849; *In re Montierth*, 354 P.3d at 650–51; *accord LN Mgmt.*, 957 F.3d at 948 n.2, 950; *SFR Invs.*, 893 F.3d at 1149; *Berezovsky*, 869 F.3d at 932. The Trust cannot escape the fact that sanctions are appropriate because it "raised totally meritless arguments which have repeatedly been rejected," *Nunley v. CIR*, 758 F.2d 372, 373 (9th Cir. 1985), and "[n]either of its claims possess[es] a foundation in fact or law," *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989). The frivolous nature of these contentions should be obvious to counsel for the Trust. Citing *Daisy Trust*, the Nevada Supreme Court has rejected arguments identical to those set out by the Trust in at least four cases where those contentions were presented by the Trust's counsel.[1] This repeated misconduct

---

[1] *Three Palms Invs. Grp., LLC v. Bank of Am., N.A.*, No. 78225, 2020 WL 3469173 (Nev. June 24, 2020); *Premier One Holdings, Inc. v. Ditech Fin. LLC*, No. 77526, 2020 WL 2526070 (Nev. May 15, 2020); *RH Kids, LLC v. Nationstar Mortg., LLC*, No. 77760, 2020 WL 407053 (Nev. Jan. 23, 2020); *Perecin v. Nationstar Mortg., LLC*, No. 77597, 2020 WL 407132 (Nev. Jan. 23, 2020). *See also RH Kids LLC v. Ditech Fin. LLC*, No. 79620-COA, 2020 WL 7238319, at *2 n.1 (Nev. Ct. App. Dec. 8, 2020) (explicitly admonishing counsel for the Trust for improperly disregarding "his obligations under R.P.C. 3.1 to only advance arguments if there is a basis in law and fact for doing so and, when [the] existing

merits the imposition of sanctions. *See Coastal Transfer Co. v. Toyota Motor Sales, USA*, 833 F.2d 208, 210212 (9th Cir. 1987).

That this appeal is frivolous is reinforced by the independent reason that the evidence submitted in this case—Freddie Mac business records, employee declarations, and the relevant excerpts from Freddie Mac's Loan Servicer Guide—has consistently been deemed sufficient to establish Freddie Mac's ownership of a loan and agency relationship with its servicer. *See Daisy Tr.*, 445 P.3d at 850–51; accord *SFR*, 893 F.3d at 1149–50; *Berezovsky*, 869 F.3d at 932; *Maisano*, 908 F.2d at 411 (explaining that, for sanctions purposes, a frivolous appeal is defined as one in which the end result is obvious).

**We AFFIRM the district court's order granting summary judgment in favor of Freddie Mac and Bayview on Federal Foreclosure Bar grounds, GRANT in part the motion for sanctions against both the Trust and its counsel for filing a frivolous appeal foreclosed by binding precedent, and REFER the issue of the proper amount of sanctions to the Acting Appellate Commissioner.**

---

precedent does not align with his clients' interests, to present good-faith arguments for its modification or reversal.").