EDWIN CHRISTMAN DAWN AND JUNE ESTELLE DAWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dawn v. Commissioner
Docket No. 4277-78.
United States Tax Court
T.C. Memo 1979-479; 1979 Tax Ct. Memo LEXIS 43; 39 T.C.M. (CCH) 611; T.C.M. (RIA) 79479; December 3, 1979, Filed Edwin Christman Dawn, pro se. J. Robert Cuatto, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and Rule 180, et seq., Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Taxable Year
Deficiency
1972 $438
1973
582
1974
682
1975
592
*44 Petitioners were residents of Pasadena, California, at the time the petition in this case was filed. [1]
Petitioner is an industrial designer and artist. On his 1975 Federal income tax return the petitioner reported a $64,430.12 casualty loss deduction under section 165 of the Internal Revenue Code of 1954, [2] claiming inter alia that certain properties were "unlawfully taken, disposed of or irreparably damaged" by a former landlord or his agent. Based on the reported casualty loss, he filed an Application for Tentative Refund for the years 1972, 1973, and 1974 in the respective amounts of $438, $582 and $682. The refunds were initially allowed by the Internal Revenue Service and correspond to the amounts subsequently disallowed by the statutory notice for each of the respective years. The case had been set for trial before this Court but was continued on petitioner's *45 motion. It was again set for trial and petitioner again moved for a further continuance which included as one ground the "Complications arising out of the lawsuit instigated by [petitioner] as a direct consequence of the casualty precipitating the [claimed] loss * * *." At the calendar call in our hearing on his motion for continuance, petitioner explained that he filed suit in the United States District Court against his former landlord because he believes the landlord caused the loss. The suit was dismissed. He appealed to the United States Court of Appeals and won a reversal. Due to various complications he did not respond to the order of the Court of Appeals to file an amended complaint. As a result his action was dismissed by the District Court late in the week before the day of our hearing. He further stated he was going to file his Notice of Appeal that day. In reference to the filing of the District Court lawsuit, he said: "Yes. All right, I filed it in '75, I guess." Respondent made a timely motion for summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure, asserting that petitioner possessed a reasonable prospect of recovery and that *46 the claimed loss was not fixed by identifiable events. For reasons appearing in the record, the Court granted respondent's motion, but kept the case under advisement, particularly to permit petitioner to brief the issue, and withheld entry of an order and decision until there would be time to consider any memorandum or briefs filed by either party. Section 165 allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. Whether the loss be an individual's casualty or theft loss, or a business loss, the loss is "treated as sustained during the taxable year in which the loss occurs as evidenced by closed and completed transactions and as fixed by identifiable events occurring in such taxable year." Section 1.165-1(d)(1), Income Tax Regs. The regulations further provide that no deduction is allowable for such loss if there exists in the year in question a claim for reimbursement with respect to which there is a reasonable prospect of recovery.Section 1.165-1(d)(2), Income Tax Regs. See also section 1.165-8(a)(2), Income Tax Regs.
Since petitioner has repeatedly called upon the United States District Court and Court of Appeals *47 to sustain his claim for reimbursement, we conclude that there is a reasonable prospect of recovery. We are sure petitioner would not want to characterize such calls upon the Federal judiciary as frivolous. On brief, he changed his "guess" as to when the suit was filed and attached the first page of a complaint he characterized as the lawsuit for reimbursement. The page is stamped as filed in 1976 in the United States District Court for the Central District of California. It is immaterial whether he filed his lawsuit in 1975 or 1976. There could be no lawsuit in 1976 if he did not have a claim in 1975. Moreover, the regulations recognize that whether a reimbursement will be received may be ascertained with reasonable certainty "by a settlement of the claim, by an adjudication of the claim or by an abandonment of the claim." Section 1.165-1(d)(2)(i), Income Tax Regs. Under the circumstances set forth it cannot be said that a loss was sustained in 1975 for purposes of section 165. Gale v. Commissioner, 41 T.C. 269 (1963); Scofield's Estate v. Commissioner, 266 F.2d 154 (6th Cir. 1959). In conclusion, respondent's motion for summary judgment will *48 be granted. An appropriate order and decision will be entered. Footnotes
1. Since June Estelle Dawn is a party to this proceeding solely because she filed a joint return with her spouse, Edwin Christman Dawn will be referred to herein as petitioner.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩