148 T.C. No. 5

UNITED STATES TAX COURT

JOE ALFRED IZEN, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28358-12.                            Filed March 1, 2017.


On a Form 1040X, Amended U.S. Individual Income Tax Return, for 2010, filed in April 2016, P claimed a charitable contribution deduction of $338,080 for his alleged gift to a charitable organization of an interest in a 40-year-old airplane. On cross-motions for partial summary judgment, R contends that P is not entitled to the claimed deduction because P failed to satisfy the substantiation requirements of I.R.C. sec. 170(f)(12), which applies to "contributions of used motor vehicles, boats, and airplanes." Under para. (12), no deduction is allowed for contributions of vehicles whose claimed value exceeds $500 unless the taxpayer: (1) substantiates the contribution by a contemporaneous written acknowledgment from the donee organization meeting the requirements of I.R.C. sec. 170(f)(12)(B); and (2) "includes the acknowledgment with the taxpayer's return of tax which includes the deduction." I.R.C. sec. 170(f)(12)(A)(i).

1. <u>Held</u>: P failed to satisfy the statutory substantiation requirements because he did not include with his amended 2010 return a

contemporaneous written acknowledgment that complied with I.R.C. sec. 170(f)(12)(B).

2. Held, further, P is not entitled to the charitable contribution deduction claimed on his amended 2010 return.

Joe Alfred Izen, Jr., pro se.

Lewis A. Booth II, for respondent.

OPINION

LAUBER, Judge: This case involves petitioner's Federal income tax liabilities for 2009 and 2010. Currently before the Court are cross-motions for partial summary judgment concerning his entitlement, for taxable year 2010, to a charitable contribution deduction of $338,080 for his alleged gift of an interest in an aircraft. Petitioner urges that we uphold his claimed deduction in its entirety. The Internal Revenue Service (IRS or respondent) contends that petitioner is not entitled to any deduction because he failed to satisfy the substantiation requirements of section 170(f)(12), which applies to "contributions of used motor vehicles,

boats, and airplanes."[1] We agree with respondent, and we will accordingly grant his motion for partial summary judgment and deny petitioner's.

Background

The following facts are derived from the parties' pleadings and motion papers, including the declarations and exhibits attached thereto. Petitioner resided in Texas when he petitioned this Court.

Petitioner timely filed his 2010 Federal income tax return, pursuant to an extension, on October 17, 2011. On this return he claimed the standard deduction and did not claim any deduction for charitable contributions. The IRS commenced an examination of petitioner's 2009 and 2010 returns and determined that he failed to substantiate certain deductions claimed on his Schedules C, Profit or Loss From Business, and Schedules E, Supplemental Income or Loss. On August 17, 2012, the IRS mailed him a timely notice of deficiency determining deficiencies of $93,123 and $18,643, and section 6662(a) accuracy-related penalties of $27,612 and $5,522, for 2009 and 2010, respectively.

---

[1]All statutory references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

Petitioner timely petitioned this Court. His petition challenged respondent's disallowance of his Schedule C and Schedule E deductions but did not allege any charitable contribution deductions.

On March 28, 2014, petitioner filed, and on April 1, 2014, we granted, a motion for leave to file an amended petition. He alleged in his amended petition that, on December 31, 2010, he had donated a 50% interest in a 1969 model Hawker-Siddley DH125-400A private jet (aircraft) to the Houston Aeronautical Heritage Society (Society), an organization tax exempt under section 501(c)(3), which operates a museum at the William P. Hobby Airport. Petitioner alleged that his 50% interest in the aircraft had been appraised at $338,080, and that he was entitled for 2010 to a charitable contribution deduction in that amount.

Petitioner and On Point Investments, LLP (On Point), a partnership, purchased the aircraft in December 2007 for $42,000. Petitioner and On Point each paid $21,000 for a 50% undivided interest. After its purchase, the aircraft remained in storage for three years at an airfield in Montgomery County, Texas. On December 31, 2010, petitioner and On Point allegedly made completed gifts to the Society of their respective 50% interests. For this purpose, On Point was allegedly represented by Philippe Tanguy, a limited partner.

On January 23, 2016, petitioner filed a motion for partial summary judgment seeking a ruling that he was entitled to a charitable contribution deduction for his alleged gift. We denied that motion on March 9, 2016, finding that there existed several disputes of material fact. These included: (1) whether petitioner had secured from the Society and attached to his return a "contemporaneous written acknowledgment" as required by section 170(f)(12); (2) whether the required Form 8283, Noncash Charitable Contributions, had been properly signed and dated by an officer of the Society; and (3) whether the fair market value of petitioner's 50% interest, as of December 31, 2010, was $338,080.

On April 14, 2016, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 2010. On this return he claimed for the first time a deduction of $338,080 for his alleged contribution to the Society of a 50% interest in the aircraft. Petitioner included with this amended return: (1) an acknowledgment letter addressed to Philippe Tanguy, dated December 30, 2010, and signed by Drew Coats as president of the Society; (2) a Form 8283 executed by Amy Rogers, managing director of the Society, and dated April 13, 2016; (3) a copy of an "Aircraft Donation Agreement" allegedly executed on December 31, 2010, by Drew Coats as president of the Society but bearing no other signatures; and (4) an appraisal by Winston McKenzie dated April 7, 2011, opining that the fair market

value of petitioner's 50% interest in the aircraft, as of December 30, 2010, was $338,080. Respondent represents that the IRS "will not process petitioner's amended 2010 tax return."

On May 27, 2016, respondent filed a motion for partial summary judgment, contending that petitioner's charitable contribution deduction should be denied on the ground that he failed to satisfy the substantiation requirements of section 170(f)(12). On July 19, 2016, petitioner filed a renewed motion for partial summary judgment, urging that the defects previously discerned by the Court had been cured by his subsequent filing of the 2010 amended return. Petitioner contends that his claimed charitable contribution deduction of $338,080 should be allowed in full.

Discussion

A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or part of the legal issues in controversy. Rule 121(a). A motion for summary judgment will be granted only if it is shown that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. See Rule

121(b); <u>Elec. Arts, Inc. v. Commissioner</u>, 118 T.C. 226, 238 (2002). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). However, where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

Petitioner seeks summary judgment sustaining his claimed charitable contribution deduction of $338,080. We conclude that his motion must be denied because there exist disputes of material fact concerning (among other things) the value of the aircraft on December 31, 2010. The aircraft was 40 years old at that time, and petitioner had purchased his 50% interest in December 2007 for only $21,000. There exists a dispute of material fact as to whether petitioner's 50% interest was worth $338,080 three years later.

Respondent's motion for partial summary judgment is based on a narrow legal ground--namely, that petitioner did not satisfy the statutory substantiation requirements for a charitable contribution of the used aircraft. We conclude that there are no disputes of material fact affecting disposition of this issue and that it

may be adjudicated summarily under Rule 121(d).  See Dawn v. Commissioner, 675 F.2d 1077 (9th Cir. 1982), aff'g T.C. Memo. 1979-479, 39 T.C.M. (CCH) 611.

B.      Governing Legal Principles

Section 170(f) sets forth a series of substantiation requirements that vary depending on the character and size of the taxpayer's charitable gift.  For gifts of $250 or more, section 170(f)(8) requires that the taxpayer secure from the donee organization, and maintain in his files, a "contemporaneous written acknowledgment" (CWA).  This CWA must include:  (1) the amount of cash and a description of any property contributed; (2) a statement whether the donee provided the taxpayer with any goods or services in exchange for the gift; and (3) if so, a description and good-faith estimate of the value of such goods or services.  The statute provides that "[n]o deduction shall be allowed" in the absence of a CWA meeting these requirements.  Sec. 170(f)(8)(B).

Section 170(f)(12) provides more stringent substantiation requirements for contributions of used vehicles, including airplanes, whose claimed value exceeds $500.  For such contributions, the statute provides that "paragraph (8) shall not apply" and that "no deduction shall be allowed * * * unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the con-

tribution by the donee organization that meets the requirements of subparagraph (B)." Sec. 170(f)(12)(A)(i).

The substantiation requirements of section 170(f)(12)(B) are more stringent than those of section 170(f)(8)(B) in two major respects. First, the required contents of the CWA are more extensive under paragraph (12) than under paragraph (8). Second, paragraph (12) requires, not only that the taxpayer secure a CWA from the donee organization and keep it in his files, but also that the taxpayer "include[] the acknowledgment with * * * [his] return of tax which includes the deduction." Sec. 170(f)(12)(A)(i).

Where the donee organization has not sold the vehicle shortly after receiving it, section 170(f)(12)(B) requires that the CWA include the following information:

(1) the name and taxpayer identification number of the donor;

(2) the vehicle identification number or similar number;

(3) a certification of the intended use or material improvement of the vehicle and the intended duration of such use;

(4) a certification that the vehicle would not be transferred in exchange for money, property, or services before completion of such use or improvement;

(5) whether the donee organization provided any goods or services in exchange for the vehicle; and, if so,

(6) a description and good-faith estimate of the value of such goods or services.

If the donee is required to make the certifications listed above, a CWA is "contemporaneous" if "the donee organization provides it within 30 days of * * * the contribution of the qualified vehicle." Sec. 170(f)(12)(C)(ii).

Section 170(f)(12)(D) provides that any donee organization required to furnish a CWA as described above "shall provide to the Secretary the information contained in the acknowledgment." The Commissioner has designated for this purpose Form 1098-C, Contributions of Motor Vehicles, Boats, and Airplanes. For gifts during calendar year 2010, a donee organization was required to file Copy A of this form with the IRS by February 28, 2011. The donee was instructed to "[p]rovide the donor with Copies B and C of Form 1098-C or [with] your own acknowledgment that contains the required information." 2010 Instructions for Form 1098-C, at 1.

The requirement that a CWA be obtained for charitable contributions described in section 170(f)(8) and (12) is a strict one. In the absence of a CWA meeting the statute's demands, "no deduction shall be allowed." Sec. 170(f)(12)(A); French v. Commissioner, T.C. Memo. 2016-53, at *8 ("If a taxpayer fails to meet the strict substantiation requirements of section 170(f)(8),

the entire deduction is disallowed."). The doctrine of substantial compliance does not apply to excuse the failure to obtain a CWA meeting the statutory requirements. Ibid.; Durden v. Commissioner, T.C. Memo. 2012-140, 103 T.C.M. (CCH) 1762, 1763-1764. "The deterrence value of section 170(f)(8)'s total denial of a deduction comports with the effective administration of a self-assessment and self-reporting system." Addis v. Commissioner, 374 F.3d 881, 887 (9th Cir. 2004), aff'g 118 T.C. 528 (2002).[2]

C.    Analysis

Section 170(f)(12)(A)(i) provides that no deduction shall be allowed unless the taxpayer "includes the acknowledgment with the taxpayer's return of tax which includes the deduction." Petitioner first claimed the deduction at issue on his amended Form 1040X for 2010, which was filed on April 14, 2016. We accordingly must decide whether he included with that amended return a CWA that satisfies the requirements of section 170(f)(12)(B).[3]

---

[2]In addition to the substantiation requirements discussed in the text, section 170(f)(11)(C) requires, for gifts of property valued in excess of $5,000, that the taxpayer obtain and attach to his return a "qualified appraisal." Since respondent does not allege noncompliance with section 170(f)(11) in his motion for partial summary judgment, we need not consider whether petitioner satisfied this requirement.

[3]Respondent's counsel represented that the IRS "will not process petition-
(continued...)

A taxpayer can satisfy the CWA requirement by attaching to his return Copy B of Form 1098-C. Petitioner did not include that document with his amended 2010 return, apparently because the Society did not complete or file with the IRS a Form 1098-C in connection with his alleged gift. The IRS has no record of having received a Form 1098-C relating to petitioner's 2010 tax year. The Society's managing director, who executed the Form 8283 on April 13, 2016, averred that she was "unable to find a copy of a 1098C Form reporting the Hawker Jet Donation in our file."

Petitioner included with his amended return a copy of a letter from the Society, dated December 30, 2010, addressed to Philippe Tanguy and thanking him for his "most generous donation of the Hawker [aircraft]." This letter fails to satisfy the requirements of section 170(f)(12)(B) for several reasons. Most obviously, it is not addressed to petitioner and it does not acknowledge a gift by him; of necessity, therefore, it does not include "[t]he name and taxpayer identification number of the donor," as section 170(f)(12)(B)(i) demands. This letter likewise omits other categories of required information, including a statement as to "[w]hether the

_____

[3](...continued)
er's amended 2010 tax return." We assume without deciding that petitioner may nevertheless satisfy the statutory substantiation requirements if he included a proper CWA with that amended return, which in this instance was "the taxpayer's return of tax which includes the deduction." Sec. 170(f)(12)(A)(i).

donee organization provided any goods or services in consideration * * * for the qualified vehicle." Sec. 170(f)(12)(B)(v).[4]

Petitioner also included with his amended return an "Aircraft Donation Agreement" allegedly entered into on December 31, 2010, between petitioner and Philippe Tanguy as donors and the Society as donee. In cases involving the substantiation requirements of section 170(f)(8), we have held that a deed of gift can serve as a de facto CWA so long as it is "contemporaneous" and contains all of the information required by section 170(f)(8)(B). See RP Golf, LLC v. Commissioner, T.C. Memo. 2012-282, at *7; Averyt v. Commissioner, T.C. Memo. 2012-198, 104 T.C.M. (CCH) 65, 68-69; Simmons v. Commissioner, T.C. Memo. 2009-208, 98 T.C.M. (CCH) 211, 215, aff'd, 646 F.3d 6 (D.C. Cir. 2011). We assume without deciding that the same principle would apply in cases involving the substantiation requirements of section 170(f)(12).

Assuming arguendo that a deed of gift can satisfy the requirements of section 170(f)(12)(B) in an appropriate case, we find that the copy of the Aircraft

---

[4]Petitioner attached to one of his declarations two similar letters from the Society, dated December 21 and 30, 2010, that are addressed to him (only the latter bears a signature). We need not decide what probative value these documents would have. They cannot satisfy the statutory substantiation requirements because these letters were not attached to petitioner's amended 2010 return and thus were not "include[d] * * * with the taxpayer's return of tax which includes the deduction." See sec. 170(f)(12)(A)(i).

Donation Agreement included with petitioner's 2010 amended return does not qualify as a CWA. That document contains some of the information required by section 170(f)(12)(B).[5] For three reasons, however, we conclude that it does not meet the statute's strict requirements.

First, in each of the cases mentioned above, the copy of the deed of gift that was deemed to qualify as a CWA had been fully executed by all parties to the contribution transaction. Here, the copy of the Aircraft Donation Agreement that petitioner attached to his amended 2010 return bears the signature only of the Society's representative (dated the last day of the year) and is signed by neither of the two donors. A deed of gift can serve as a de facto CWA only if it acknowledges that a completed gift was made before the end of the calendar year, as an actual acknowledgment letter would do. Because the deed of gift was not signed by either donor, it does not establish, on its face, that petitioner made a completed gift to the Society during 2010. We accordingly find that it does not qualify as a "con-

---

[5]The agreement includes the "tail number" for the aircraft and states that "no goods, services, or other tangible benefits have been conferred upon or transferred to Donor in return for the Aircraft."

temporaneous written acknowledgment of the contribution" within the meaning of section 170(f)(12)(A)(i).[6]

Second, the Aircraft Donation Agreement cannot operate as a de facto CWA because it does not contain the "taxpayer identification number of the donor" as required by section 170(f)(12)(B)(i).  Petitioner urges that this was a mere technical footfall:  his taxpayer identification number (TIN) appeared on the amended return itself, and he argues that the two documents should be "read together" to cure this omission.  In support of this argument he cites the principle that "the contemporaneous written acknowledgment may * * * be made up of a series of documents."  Irby v. Commissioner, 139 T.C. 371, 389 (2012).

We find this principle inapplicable here for several reasons.  For a gift of a used vehicle, Congress required that the CWA be included with "the taxpayer's return of tax which includes the deduction."  Sec. 170(f)(12)(A)(i).  Congress thus understood that a valid CWA would invariably accompany a document (the tax

---

[6]The absence of petitioner's signature was not a trivial omission.  He averred that he was seriously ill at year-end 2010 and that Mr. Tanguy handled all aspects of the donation transaction.  Because petitioner's signature was absent from the deed of gift, because the Society did not file a Form 1098-C reporting the gift, and because the only actual acknowledgment letter included with the 2010 amended return was addressed to Mr. Tanguy, the IRS could not determine with any certainty, by looking at the documents included with that return, whether the Society had acknowledged a gift that petitioner had made during 2010.

return) that included the taxpayer's TIN. Congress nevertheless required that the CWA itself include "the name and taxpayer identification number of the donor." Sec. 170(f)(12)(B)(i). This requirement would seem to be surplusage if the appearance of this information on the return itself were sufficient.[7]

In any event, petitioner's argument is unpersuasive on the facts of this case. Under section 170(f)(12)(C)(ii), a CWA is "contemporaneous" only if the donee provides it "within 30 days of * * * the contribution of the qualified vehicle." Petitioner did not file the amended 2010 return including his TIN until April 2016. He cannot rely on a document created in 2016 to cure defects in a document allegedly created in 2010, because the written acknowledgment as thus perfected would not be "contemporaneous."[8]

---

[7]For contributions to which section 170(f)(8) applies, Congress considered requiring taxpayers to provide TINs to donee organizations but ultimately decided not to enact this requirement. See 15 West 17th Street LLC v. Commissioner, 147 T.C. __, __ (slip op. at 17) (Dec. 22, 2016). Under paragraph (f)(12), by contrast, taxpayers must supply TINs to donee organizations so that the latter can issue CWAs meeting the statutory requirements and satisfy their obligation to file Forms 1098-C with the Secretary. See sec. 170(f)(12)(D). Because of serious tax compliance problems in this area, Congress created a specific mechanism to enable the IRS to identify taxpayers who had made contributions of used vehicles. The statutory requirement that the CWA for such contributions include the taxpayer's TIN thus cannot be regarded as insignificant.

[8]Petitioner similarly errs in contending that omissions from an acknowledgment letter may be "cured by information provided in a later filed Form

(continued...)

Petitioner's request that we "read together" multiple documents would be more compelling if the Society had filed (as section 170(f)(12)(D) required) a Form 1098-C that timely supplied the IRS with petitioner's TIN and the other information specified in paragraph (12)(B). But the Society did not file Form 1098-C, with the result that the IRS received no information about petitioner's alleged gift until years after it was supposedly made. Here, there is no contemporaneous document with which the Aircraft Donation Agreement could be "read together" to cure its omission of the statutorily-required information.

The third defect in petitioner's "deed of gift as CWA" argument is that the Aircraft Donation Agreement does not contain "a certification of the intended use * * * of the vehicle and the intended duration of such use," as required by section 170(f)(12)(B)(iv)(I). We have discovered no judicial authority that outlines what a certification of this sort must include. However, an IRS Notice published shortly after the statute's enactment explained that a CWA must contain "a certification and detailed description of * * * the intended significant intervening use by the donee organization and the intended duration of the use," as well as "a certifica-

_____

[8](...continued)
8283." The Form 8283 attached to petitioner's amended 2010 return, which was not completed by the Society until April 13, 2016, was not "contemporaneous" within the meaning of section 170(f)(12)(C) and thus cannot cure any of the defects discussed in the text.

tion that the qualified vehicle will not be sold before completion of the use." Notice 2005-44, sec. 3.03(3), 2005-1 C.B. 1287, 1288. Consistently with that Notice, Form 1098-C requires the donee to supply, in box 5c, a "detailed description of * * * significant intervening use and duration of use." The requirement of a "detailed description" appears consistent with the statute's legislative history, where Congress expressed its intention that, "in providing guidance on the provision, the Secretary shall strictly construe the requirement of significant use." H.R. Conf. Rept. No. 108-755, at 750 (2004), 2004 U.S.C.C.A.N. 1341, 1790.[9]

The Aircraft Donation Agreement contains no certification of any kind, much less a "detailed description," of the Society's intended use of the aircraft. The Society does represent that it "accepts * * * full legal and financial responsibility for [the aircraft] and will not sell the Aircraft for at least two years after accepting its donation." This representation certifies neither "the intended

---

[9]The conference report explained the "significant use" requirement as follows: "To meet the significant use test, an organization must actually use the vehicle to substantially further the organization's regularly conducted activities and the use must be significant. A donee will not be considered to significantly use a qualified vehicle if, under the facts and circumstances, the use is incidental or not intended at the time of the contribution. Whether a use is significant also depends on the frequency and duration of use." H.R. Conf. Rept. No. 108-755, supra at 750-751.

use" that the Society expected to make of the aircraft nor the "intended duration"
of such use (except that the aircraft will not be sold within two years). And while
the Agreement recites that "Donor will pay any and all expenses required to de-
liver the Aircraft * * * in a sufficiently assembled condition that it may be exhibi-
ted," the Agreement does not certify that the aircraft will in fact be exhibited or
provide sufficient detail to establish that any such exhibition would be significant
and meaningful.[10]

Petitioner urges that we excuse these defects on the ground that he "substan-
tially complied" with the statutory requirements. As we have repeatedly held in

---

[10]The Society's letter to Philippe Tanguy, which was attached to petitioner's amended return, recites that the donation "will make an excellent addition to the museum's collection" and that the Society "looks forward to adding the Hawker to our collection not only for its educational benefits but for its significance as a part of flight and aircraft history." As noted earlier, this letter cannot qualify as a CWA because it was not addressed to petitioner. See supra p. 12. Nor can this letter enable the Aircraft Donation Agreement to constitute a CWA by being "read together" with it. While this letter states that the aircraft will be added to the Soci-ety's collection, it provides no information about the use to which the aircraft will actually be put. The aircraft was 40 years old as of December 2010; for the previ-ous three years, it had been kept in storage at an airfield in Montgomery County, Texas. For all that appears in the Society's documentation, the aircraft could have remained in storage (albeit at a different airfield) for the ensuing two years, then disposed of without any member of the public ever having seen it. "To meet the significant use test, an organization must actually use the vehicle to substantially further the organization's regularly conducted activities and the use must be sig-nificant." H.R. Conf. Rept. No. 108-755, supra at 750-751. The Society's docu-mentation does not provide the detailed description of the intended intervening use that is necessary to establish that "the significant use test" has been met.

cases involving section 170(f)(8)(B), however, "[t]he doctrine of substantial compliance does not apply to excuse compliance with the [statute's] strict substantiation requirements." French, at *8. In each instance, the Code unambiguously provides that "no deduction shall be allowed" in the absence of a CWA that satisfies the statute's specific demands. Sec. 170(f)(8)(A), (12)(A)(i).

In sum, we conclude that petitioner did not include with his amended 2010 return, as required by section 170(f)(12)(A)(i), "a contemporaneous written acknowledgment * * * by the donee organization that meets the requirements of subparagraph (B)." Congress enacted this provision after identifying serious tax compliance problems relating to charitable contributions generally and to gifts of used vehicles in particular. See H.R. Conf. Rept. No. 108-755, supra at 747-752, 2004 U.S.C.C.A.N. at 1787-1792; cf. H.R. Rept. No. 108-548 (Part I), at 358 (2004). Congress accordingly imposed very strict requirements and provided explicitly that "no deduction shall be allowed" unless these requirements are met. Sec. 170(f)(8)(A), (12)(A)(i). We are not at liberty to override this legislative command.

To implement the foregoing,

An order will be issued granting respondent's motion for partial summary judgment and denying petitioner's motion for partial summary judgment.